IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Juan Burgos, | ) | C/A No. 3:22-cv-347-SAL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Willow Creek Estates Homeowners | ) | |
| Association and Community Association | ) | |
| Management Services, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on Defendants Willow Creek Estates Homeowners Association and Community Association Management Service, LLC's, (together "Defendants") Motion to Dismiss (the "Motion"). [ECF No. 5.] Plaintiff Juan Burgos ("Plaintiff") filed a response in opposition to the Motion. [ECF No. 9.] For the reasons set forth below, the court denies the Motion.

## BACKGROUND

This action surrounds Defendants' alleged failure to accommodate Plaintiff in violation of the United States Fair Housing Act. Plaintiff filed this action against Defendants in the Lexington Court of Common Pleas on December 23, 2021. [ECF No. 1-3, Compl.] In the complaint, Plaintiff claims he "cannot see colors and can only see black, white, and shades of gray." *Id.* ¶ 8. Plaintiff alleges he is unable to identify his house when he leaves, due to its similarity in shape and color to other houses in the neighborhood. *Id.* ¶¶ 8, 12. Plaintiff requested that Defendants permit him to paint his house white with black trim so that it is distinguishable from other houses in the neighborhood, and Defendants denied his request. *Id.* ¶ 9. Through this action, Plaintiff seeks an

1

injunction "directing Defendants to permit Plaintiff to paint his house white with black trim" and to recover damages. *Id.* ¶¶ 14–16.

On February 4, 2022, Defendants removed the action to this court on the basis of federal question jurisdiction. [ECF No. 1.] Defendants filed their Motion on February 8, 2022, and Plaintiff responded on March 8, 2022. [ECF Nos. 5, 9.] The Motion is thus ripe for resolution by the court.

## STANDARD

"A motion filed under Rule 12(b)(6) challenges the legal sufficiency of a complaint[.]" *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). To survive a Rule 12(b)(6) motion to dismiss, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* In reviewing the complaint, the court accepts all well-pleaded allegations as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005); *Ashcroft*, 556 U.S. at 662 ("When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.").

## DISCUSSION

The pending action has only one claim: failure to provide reasonable accommodation in violation of the Fair Housing Act ("FHA"). Compl. ¶¶ 6–15. The Motion seeks dismissal of that one claim as a matter of law. Specifically, Defendants contend that Plaintiff's failure-to-accommodate claim must fail because color blindness is not considered a "handicap" under the

FHA and thus Plaintiff is not entitled to a reasonable accommodation under the FHA. *See* [ECF No. 5 at 3–4.] Plaintiff responds that whether a person has a "handicap" within the meaning of the FHA is an individualized inquiry conducted on a case-by-case basis, and it would be inappropriate to resolve the issue at the motion to dismiss stage. *See* [ECF No. 9 at 2.] The court agrees with Plaintiff.

The FHA defines handicap, *inter alia*, as "a physical or mental impairment which substantially limits one or more of such person's major life activities." 42 U.S.C. § 3602(h)(1). "The term 'major life activities' refers to 'those activities that are of central importance to daily life.'" *Matarese v. Archstone Pentagon City*, 761 F. Supp. 2d 346, 358 (E.D. Va. 2011) (quoting *Rohan v. Networks Presentations LLC*, 375 F.3d 266, 274 (4th Cir. 2004)); *see also* 24 C.F.R. § 100.201(b) ("Major life activities means functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working."). "Whether or not a particular person is handicapped is usually an individualized inquiry." *United States v. S. Mgmt. Corp.*, 955 F.2d 914, 918 (4th Cir. 1992). Here, Plaintiff alleges that his inability to see colors makes him unable to identify his house when he leaves, "thus rendering the housing unavailable to him." Compl. ¶¶ 8, 12.

The FHA is silent as to whether color-blindness is excluded from the definition of "handicap." *See* 24 C.F.R. § 100.201 (explicitly excluding "current, illegal use or addition of a controlled substance" and transvestites). This court is unaware of any case addressing the issue, let alone holding as a matter-of-law that colorblindness is not a "handicap" within the meaning of the FHA. Recognizing the lack of case authority on the issue, Defendants point the court to decisions arising under the Americans with Disabilities Act ("ADA"). *See* [ECF No. 5 at 4.] The ADA's definition

of "disability" is equivalent to the FHA's definition of "handicap."[1] And like the FHA, whether an individual is "disabled" under the ADA is an individualized inquiry, particular to the facts to each case. *See Sutton v. United Air Lines*, 527 U.S. 471, 483 (1999); 29 CFR pt. 1630, App. § 1630.2(j) ("The determination of whether an individual has a disability is not necessarily based on the name or diagnosis of the impairment the person has, but rather on the effect of that impairment on the life of the individual").

In the ADA cases cited by Defendants, *Ferguson v. Whirlpool Corp.*, No. 99-cv-2112, 2000 WL 1013309 (W.D. Ark. Apr. 5, 2000), *Shannon v. N.Y.C. Transit Auth.*, 189 F. Supp. 2d 55 (S.D.N.Y. 2002), and *Hoppes v. Pennsylvania, Fish & Boat Comm'n*, 32 F. Supp. 2d 770 (M.D. Pa. 1998), each court determined that a color-blind plaintiff did not have a "disability" within the meaning of the ADA. However, as Plaintiff points out, the courts did not make this determination at the motion to dismiss stage. Rather, the courts conducted individualized inquires at the summary judgment stage, ultimately finding no issue of fact regarding whether each plaintiff was substantially limited in a major life activity. *See Ferguson*, 2000 WL 1013309 at *5; *Shannon*, 189 F. Supp. 2d at 62–64; *Hoppes*, 32 F. Supp. 2d at 774. These cases do not stand for the proposition that color-blindness is *per se* excluded from the ADA's definition of "disability," and the court is unaware of any case holding as much.[2] Moreover, Plaintiff distinguishes his case from

---

[1] *Compare* 42 U.S.C. 12102(1) (defining actual disability as a "physical or mental impairment that substantially limits one or more major life activities of such individual") *with* 42 U.S.C. 2602 (defining handicap as a "physical or mental impairment which substantially limits one or more of such person's major life activities").

[2] *See Williams v. Kincaid*, No. 21-2030, 2022 WL 3364824, at *7 (4th Cir. Aug. 16, 2022) ("Given Congress' express instruction that courts construe the ADA in favor of maximum protection for those with disabilities, we could not adopt an unnecessarily restrictive reading of the ADA. To so hold would be for a court to take it upon itself to rewrite the statute in two impermissible ways: by penciling a new condition into the list of exclusions, and by erasing Congress' command to construe the ADA as broadly as the text permits."); *Taylor v. Fed. Express Corp.*, 429 F.3d 461,

*Ferguson*, *Shannon*, and *Hoppes*, by noting that he is completely colorblind, meaning he cannot see *any* color (he can only see white, black, or shades of grey), whereas the plaintiffs in those cases appear to have difficulty distinguishing only red and green. *See* [ECF No. 9 at 3.] This further illustrates the need for an individualized inquiry as to whether *Plaintiff's* inability to see color substantially limits him in a major life activity.

In sum, this court finds no basis for holding, as a matter of law, that color-blindness cannot constitute a "handicap" within the meaning of the FHA. Rather, the question of whether Plaintiff's inability to see colors is a handicap under the FHA, such that he is entitled to a reasonable accommodation, requires an individualized inquiry. Therefore, the court declines to dismiss Plaintiff's claim at the 12(b)(6) stage of litigation.[3]

## CONCLUSION

For the foregoing reasons, Defendants' Motion, ECF No. 5, is **DENIED**.

**IT IS SO ORDERED.**

/s/ Sherri A. Lydon
United States District Judge

August 25, 2022
Columbia, South Carolina

---

463 n.2 (4th Cir. 2005) (declining "to create a per se rule that a twenty-five pound lifting restriction can never constitute a disability. The Supreme Court has made clear that disability determinations require an individualized inquiry." (citations omitted)).

[3] *See Williams*, 2022 WL 3364824, at *6 ("[A]t this early stage of litigation, dismissal of Williams' ADA claims would misunderstand the generosity with which complaints are to be reviewed. (citing *Bd. of Trs. v. Four-C-Aire, Inc.*, 929 F.3d 135, 152 (4th Cir. 2019) ("When considering the sufficiency of a complaint's allegations under a Rule 12(b)(6) motion, courts must construe the complaint 'liberally so as to do substantial justice.'")).